# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR CAMARGO JUAREZ,<br><br>Plaintiff,<br><br>v.<br><br>GALLAGHER BASSETT SERVICES, INC.,<br><br>Defendants. | Case No. 3:26-CV-00195-ART-CLB<br><br>**ORDER**<br><br>[ECF Nos. 16, 27] |

Currently pending before the Court are Plaintiff's motion for appointment of counsel, (ECF No. 16), and motion for ADA accommodation and to file under seal, (ECF No. 27). For the reasons stated below, Plaintiff's motion for appointment of counsel, (ECF No. 16), is denied, and motion for ADA accommodation and to file under seal, (ECF No. 27), is denied in part and granted in part.

First, there is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc). While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir.

1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The Court has reviewed Plaintiff's motion for counsel and finds Plaintiff has not sufficiently alleged the presence of exceptional circumstances. Therefore, Plaintiff's motion for counsel, (ECF No. 16), is denied.

Next, Plaintiff moves for "ADA accommodations" by requiring the Clerk to email every filing in this case to Plaintiff. (ECF No. 27.) The Court finds Plaintiff has not established good cause for such accommodation, as he may simply request consent to receive notices of electronic filings by email. The instructions for so doing are on the Court's website (https://www.nvd.uscourts.gov/e-filing-permission/).[1] Therefore, Plaintiff's motion, (ECF No. 27), is denied to the extent he seeks accommodations.

Finally, Plaintiff moves to seal his motion and exhibits because it contains sensitive medical and disability information. The Court finds good cause exists, and therefore Plaintiff's motion, (ECF No. 27), is granted the extent it seeks to seal the motion and exhibit.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel, (ECF No. 16), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for ADA accommodations and to file under seal, (ECF No. 27), is **DENIED IN PART** to the extent Plaintiff seeks ADA accommodations and **GRANTED IN PART** to the extent Plaintiff seeks to file the motion under seal.

**IT IS SO ORDERED**.

**DATED**: November 2, 2026.

**UNITED STATES MAGISTRATE JUDGE**

[1] The Court notes that to the extent Juarez is having difficulties accessing his PACER account, he must follow the instructions to sign up for the service.