UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR CAMARGO JUAREZ,

Plaintiff,

v.

GALLAGHER BASSETT SERVICES, INC.,

Defendant.

Case No. 3:26-cv-00195-ART-CLB

ORDER ADOPTING IN PART AND DENYING IN PART REPORT AND RECOMMENDATION (ECF No. 7)

Before the Court is Plaintiff Victor Camargo Juarez's application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 5) and complaint (ECF No. 1-1). Plaintiff brings two claims against Defendant Gallagher Bassett Services, Inc. First, Plaintiff alleges Defendant breached the implied covenant of good faith and fair dealing ("Claim I"). Second, Plaintiff alleges that Defendant violated Nevada's Unfair Settlement Claims Settlement Practices Act, NEV. REV. STAT. § 686A.310 ("Claim II").

United States Magistrate Judge Carla Baldwin issued a Report and Recommendation ("R&R") recommending Plaintiff's IFP application to be granted, Claim I to be dismissed with prejudice and without leave to amend, and Claim II to be stayed pending resolution of underlying state court proceedings. (ECF No. 7). For the reasons identified below, the Court adopts the R&R in part with respect to the IFP application and Claim I and denies in part the R&R with respect to Claim II.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he suffered a work-related shoulder injury on January 1, 2025, and timely reported the incident to his employer. (ECF No. 1-1 at 2). Plaintiff then filed a workers' compensation claim, over which Defendant served

as the compensation insurer and claim administrator. *Id.* Plaintiff represents that he received a favorable decision in March 2025 in state administrative proceedings that his claim was compensable under state law. *Id.* Defendant shortly thereafter denied Plaintiff's workers' compensation claim and initiated settlement negotiations in December 2025. *Id.* at 2–3. The parties have yet to reach agreement. *Id.*

In Claim I, Plaintiff alleges that an implied covenant of good faith and fair dealing exists between him and Defendant, because Defendant serves as his employer's insurer and claims administrator and Defendant holds certain state statutory obligations to Plaintiff. (ECF No. 1-1 at 4). Plaintiff claims Defendant breached this implied covenant by denying his workers' compensation claim after a favorable state administrative decision and "unreasonably delaying settlement negotiations." *Id.* Plaintiff alleges violations of § 686A.310 in Claim II, because Defendant engaged in unfair settlement practices, including: unreasonable claim investigation standards, untimely communications and claim disposition, and bad faith settlement negotiations. *Id.* at 4–5. Plaintiff also claims that his interests in the case are prejudiced, because Defendant's counsel previously represented Defendant as the insurer in a separate workers' compensation case Plaintiff had filed against a previous employer. (*Id.* at 3; ECF No. 15 at 3). Plaintiff seeks compensatory damages, punitive damages, and damages for emotional distress. (ECF No. 1-1 at 5).

After Judge Baldwin issued the R&R (ECF No. 7), the Court granted Plaintiff an extension of time to file his objection (ECF No. 13). Pursuant to this order, Plaintiff filed a timely objection to the R&R with respect to Judge Baldwin's recommendations on resolving Claims I and II. (ECF No. 15).

## II. LEGAL STANDARD

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate

judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

When evaluating an IFP application, "the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard under 28 U.S.C. § 1915(e)(2)(B)(ii) for dismissal of a claim "is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To sufficiently allege a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

Dismissal of an action with prejudice and without leave to amend "is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. VISA U.S.A. Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff filed a timely objection to Judge Baldwin's R&R with respect to the resolution of Claims I and II, but did not object to the recommendation granting his IFP application. The Court will review the portion of the R&R subject to objection *de novo*. The Court adopts the portion of the R&R granting Plaintiff's IFP application without further review.

### A. Plaintiff's Claim I Objections

The Court finds that Claim I should be dismissed with prejudice and without leave to amend, because there is an insufficient contractual relationship between Plaintiff and Defendant to support an implied covenant of good faith and fair dealing claim.

Nevada law establishes that "all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 123 Nev. 217, 226, 163 P.3d 420, 426-27 (2007). A successful claim alleging a breach of the implied covenant of good faith and fair dealing must show: "(i) the existence of a valid, enforceable contract; (ii) the defendant's performance in a manner that is unfaithful to the purpose of the contract and the justified expectations of the plaintiff; and (iii) resulting damages sustained by the plaintiff." *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681 at *6 (D. Nev. Mar. 23, 2011) (citing *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995)).

While courts have recognized that "[i]nsurance contracts have an implied covenant of good faith and fair dealing between both parties" under Nevada law, *Peterson v. United Fin. Cas. Co.*, 2024 WL 4279383 at *3 (D. Nev. Sept. 23, 2024), this covenant does not extend to non-parties to the contract. Within the context

of insurance claims, the contractual relationship exists only between the insurance policy holder and the insurance entity. The implied covenant of good faith and fair dealing is "created by the contractual relationship between the insured and the insurer." *Vignola v. Gilman*, 804 F.Supp.2d 1072, 1076 (D. Nev. 2011) (finding no contractual relationship between policyholder's insurance company and plaintiff's heirs in action arising from automobile accident between plaintiff and policyholder). Because this duty "arises directly from the insurance contract," a party "who lacks a contractual relationship with an insurer" cannot succeed in their implied covenant claim. *Id.*; *see also Santacruz v. United Pac. Ins. Co.*, 650 F.Supp. 32, 34 (D. Nev. 1986) ("Nor does Nevada recognize an implied covenant of good faith and fair dealing which runs from the insurer to third party claimants.").

Plaintiff has not alleged that he holds an insurance policy under a contract with Defendant, or that he reached any type of contractual agreement with Defendant. Defendant instead possesses a contractual relationship with Plaintiff's employer, the policyholder. Because the implied covenant of good faith and fair dealing only applies to contracting parties, Plaintiff is unable to state a claim upon which relief can be granted. No amendment to his pleadings would otherwise cure this defect. Therefore, the Court adopts the R&R with respect to Claim I and dismisses the claim with prejudice.

**B. Plaintiff's Claim II Objections**

The Court finds that Plaintiff's action can proceed under Claim II and denies in part the R&R with respect to Claim II.

The R&R recommended that this action be stayed pending the "resolution of the underlying state proceedings." (ECF No. 7 at 10). Judge Baldwin inferred that state proceedings concerning Plaintiff's workers' compensation claim were ongoing, because settlement negotiations between Plaintiff and Defendant took place between December 2025 and the filing of the complaint in March 2026. *Id.*

at 7. These settlement negotiations occurred months after Defendant's initial denial of Plaintiff's workers' compensation claim in March 2025. (ECF No. 1-1 at 2). Applying the *Younger* abstention doctrine, Judge Baldwin recommended that this Court not exercise its jurisdiction over Claim II while state proceedings on Plaintiff's claim are ongoing. (ECF No. 7 at 7–9; *see Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). The Ninth Circuit has clarified that:

> "*Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."

*Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019) (internal citation omitted). While the first three prongs are "threshold elements" to the application of *Younger* abstention, the fourth prong is "vital and indispensable" for ensuring that the policies underlying abstention doctrine are met. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149-50 (9th Cir. 2007).

It is unclear whether there are ongoing state proceedings in this case that would call for *Younger* abstention. The Court could not deduce from Plaintiff's initial filings whether the underlying state proceedings are ongoing, and what the status of any appeal may be. Additionally, Defendant has not yet been served in this case and there are therefore no opposing party representations to consider. On October 2, 2026, the Court requested Plaintiff to file a status report about the state of the ongoing state proceedings, if any. (ECF No. 28). Plaintiff's response (ECF No. 29) did not resolve the Court's uncertainty. The Court agrees with Judge Baldwin that the *Younger* abstention doctrine would likely apply should state proceedings be ongoing. However, with the information currently available, the Court finds it prudent to allow Claim II to proceed for now. Therefore, the Court denies in part the R&R with respect to Claim II and permits Plaintiff to proceed with this claim.

## IV. CONCLUSION

It is therefore ordered that Judge Baldwin's R&R is ADOPTED with respect to the grant of Plaintiff's IFP application. (ECF No. 5).

It is further ordered that the R&R is ADOPTED with respect to Claim I, which is dismissed with prejudice and without leave to amend.

It is further ordered that the R&R is DENIED with respect to Claim II, which may proceed. The Clerk of the Court is kindly directed to FILE the complaint.

DATED THIS 2nd day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE